**CITY OF MAHTOMEDI, Appellant,**

v.

**ONE 1995 CHEVROLET BLAZER, VIN: 1GNCT18W9S2124110 Registered Owner: Steven William Sperry, Respondent.**

No. C2–99–1700.

Court of Appeals of Minnesota.

May 9, 2000.

Mary D. Tietjen, Carla J. Heyl, League of Minnesota Cities, St. Paul, for appellant.

Jeffrey S. Sheridan, Strandemo Sheridan, P.A., Eagan, for respondent.

Considered and decided by ANDERSON, Presiding Judge, PETERSON, Judge, and AMUNDSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant City of Mahtomedi seeks review of summary judgment awarded on complainant's counterclaim to civil forfeiture of a seized vehicle. The district court awarded claimant money damages and bad faith attorney fees, concluding that the city converted the vehicle by turning it over to claimant's creditor without lawful justification. We conclude that the city does not have a duty to defend a replevin action by a lienholder where the owner of the vehicle defaulted on the loan. We reverse.

## FACTS

On November 19, 1997, a peace officer patrolling downtown Mahtomedi pulled over claimant Steven William Sperry who was driving a 1995 Chevy Blazer. The officer arrested Sperry for driving after cancellation and for driving under the influence. Sperry's vehicle was seized and his license was revoked. Sperry, who had past alcohol-related driving convictions, was charged with four counts of DUI violations and one count of driving after cancellation.

On December 2, 1997, the city filed a complaint for forfeiture pursuant to Minn. Stat. § 169.1217 (1997). The complaint requested that the court, upon conviction of Sperry or upon his failure to appear at a court date, issue an order vesting title to the vehicle with the city subject to the lien of IBEW 110 Federal Credit Union.

The credit union filed a replevin action against Sperry and the city, as Sperry had defaulted on the terms of his loan. In an order filed May 27, 1998, the district court ruled that the credit union was entitled to possession of the vehicle for sale at public auction and ordered the city to immediately deliver the vehicle to the credit union. The city complied and the credit union eventually sold the vehicle.

The criminal matter was scheduled for trial, but, due to allegations of improper administration of an intoxilyzer test, a plea was accepted for driving after cancellation. Thus, Sperry was never convicted of an alcohol-related offense. On January 22, 1999, Sperry filed an answer and counterclaim to the forfeiture action. The counterclaim detailed the replevin proceeding and alleged that the city's conduct constituted a conversion of Sperry's vehicle.

The city and Sperry filed cross-motions for summary judgment. In an order filed May 3, 1999, the district court denied the city's summary judgment motion, granted Sperry's summary judgment motion, and dismissed the forfeiture complaint. The district court reasoned that, because the forfeiture statute clearly states that replevin actions against vehicles held for forfeiture are not allowed, Sperry was entitled to damages from the city for conversion for the failure of the city to return the vehicle. The district court subsequently awarded Sperry attorney's fees, stating that the city asserted a claim that

was frivolous and arguably in bad faith. The city appeals.

## ISSUE

Does the forfeiture statute obligate the city to defend a replevin action by a lienholder where the owner of a lawfully seized vehicle has defaulted on the loan?

## ANALYSIS

■ The district court shall grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). On appeal, this court must view the evidence in the light most favorable to the party against whom judgment was granted. *Id.* "The proper construction of a statute is a question of law that we review de novo." *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 383 (Minn.1999).

■ The city argues that the vehicle forfeiture statute does not obligate the city to defend replevin actions. The statute provides:

> All right, title, and interest in a vehicle subject to forfeiture under this section vests in the appropriate agency upon commission of the conduct resulting in the designated offense or designated license revocation giving rise to the forfeiture. Any vehicle seized under this section is not subject to replevin, but is deemed to be in the custody of the appropriate agency subject to the orders and decrees of the court having jurisdiction over the forfeiture proceedings.

Minn.Stat. § 169.1217, subd. 3 (1997). The statute plainly states that vehicles seized are not subject to replevin. But the statute does not provide that custodial agencies must somehow ensure that vehicles are not subject to replevin. We agree with the city that the statute does not impose a requirement to defend replevin actions.

■ The statute clearly states that custody of the vehicle is "subject to the orders and decrees of the court having jurisdiction over the forfeiture proceedings." *Id.* In this case, the city was faced with an order from a court with jurisdiction over the forfeiture proceedings. That order directed the city to immediately deliver the vehicle to the credit union. The city had no choice but to comply. *See, e.g., In re Ruhland*, 442 N.W.2d 783, 786 (Minn.1989) (describing duty to obey court orders).

Sperry, not the city, was responsible for defending against the replevin action. Sperry was in contractual relationship with the credit union and defaulted on his loan terms by failing to make required payments. Sperry was served with the replevin action and had an opportunity to defend against it; yet he chose not to make an appearance or otherwise respond. Further, when the district court issued its replevin order, Sperry had an available remedy, a right to appeal that order. But he did not do so. The city certainly had no reason or obligation to appeal the replevin order.

■ The district court concluded that the city had committed conversion. Conversion is "an act of willful interference with personal property, 'done without lawful justification by which any person entitled thereto is deprived of use and possession.'" *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997). Here, no conversion lies because the city did not act without lawful justification. The city was complying with a court order that it had little choice but to obey.

We conclude that Sperry has no cognizable claim against the city. Accordingly, we reverse the district court's judgment in

favor of Sperry. We also reverse the award of attorney's fees as an abuse of discretion because the record does not reveal any apparent bad faith by the city. Because we reverse on substantive grounds, we do not need to reach the official and statutory immunity arguments raised by the city.

## DECISION

Because we conclude that the city was under no statutory obligation to defend against the replevin action, we reverse the district court's judgment for Sperry and the award of attorney's fees.

**Reversed.**